IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tonya R. Chapman, | ) C/A No. 6:16-cv-03308-TMC-KFM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Sarah Day Hurley, | ) |
| | ) |
| Defendant. | ) |

The plaintiff, proceeding *pro se*, brings this civil action asserting a claim alleging a federal question and diversity of citizenship. The plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The complaint is subject to summary dismissal.

## BACKGROUND

The plaintiff alleges that the defendant is an attorney with Turner, Padget, Graham, & Laney, P.A; it appears that the defendant was opposing counsel in *Chapman v. Enter. Rent-a-Car Co.*, C/A No. 7:15-cv-00441-TMC (D.S.C. Feb. 22, 2016), another lawsuit brought by the plaintiff (doc. 1 at 5). The plaintiff states that the defendant caused great harm to her previous lawsuit because she lied and committed perjury, libel, and defamation (*id.*). She contends that the defendant tried to make her "look as if she should not afford a[n] Enterprise Rent Car" (*id.*).

The plaintiff seeks $675,000 in punitive damages and requests that the defendant be prosecuted for her unethical behavior (*id.*).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

*Jurisdiction*

The plaintiff contends that she is pursuing her claims on the basis of federal question and diversity jurisdiction (doc. 1 at 3–4). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399.

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (internal quotation marks and citation omitted); *see also Holloway v. Pagan River Dockside*

3

*Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to a federal court's *power* to hear a case . . . and that power is generally conferred by the basic statutory grants of subject matter jurisdiction."). Here, liberally construing the complaint, this court does not glean any allegation of a violation of federal law. Therefore, the court does not have jurisdiction over this action pursuant to a question of federal law.

A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Here, the plaintiff alleges that she is a resident of North Carolina (doc. 1 at 4), that the defendant is a resident of South Carolina (*id.*), and that the amount in controversy exceeds $75,000 (*id*. at 5 (listing $675,000 as the amount in controversy)). Accordingly, the plaintiff has properly alleged diversity jurisdiction, and the court will analyze the plaintiff's claims pursuant to South Carolina law.

***Defamation and Libel***

Under South Carolina law, any complained of communications by the defendant were absolutely privileged. "The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506

4

S.E.2d 497, 501 (S.C. 1998). Defamatory communications take two forms: libel and slander. *Id.* "Slander is a spoken defamation while libel is a written defamation or one accomplished by actions or conduct." *Id*. To state a cause of action for defamation, a plaintiff must show that "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, L.L.C.*, 629 S.E.2d 653, 664 (2006).

South Carolina courts have held that "[t]he common law rule protecting statements of judges, parties and witnesses offered in the course of judicial proceedings from a cause of action in defamation is well recognized in this jurisdiction." *Crowell v. Herring*, 392 S.E.2d 464, 466 (S.C. Ct. App. 1990).

> [An] absolute privilege exists as to any utterance arising out of the judicial proceeding and having any reasonable relation to it, including preliminary steps leading to judicial action of any official nature provided those steps bear reasonable relation to it.

*Id*., at 467 (citing Restatement (Second) of Torts § 587 comment (e) (1977)). The preliminary steps leading up to a formal judicial proceeding can include pleadings, letters between counsel in litigation, depositions, briefs or informal affidavits sworn before someone other than an officer of the court, and any pre-investigation affidavits by an eventual witness. *See McKesson & Robbins v. Newsome*, 33 S.E.2d 585, 587 (S.C. 1945); *Rodgers v. Wise*, 7 S.E.2d 517, 517 (1940); *Crowell*, 392 S.E.2d at 467.

Here, even if the court were to assume that the plaintiff is able to state a claim of defamation or libel, the defendant's statements would be privileged. It appears from the complaint that any statements referenced by the plaintiff were made during the course of a judicial proceeding—the plaintiff's previous lawsuit. The plaintiff does not allege the defendant's statements were made outside the scope of her previous case or that they were not reasonably related to the litigation. Thus, the communication was absolutely priviliged.

***Perjury***

Further, the plaintiff may not maintain a civil case for perjury. Perjury is not a recognized civil action under the South Carolina Code. *See e.g., White v. Stacher*, C/A.6:05-cv-01737-GRA-WMC, 2006 WL 1207857 at *6 (D.S.C. May 1, 2006) ("[T]here are no civil actions for perjury, subornation of perjury, stalking, and kidnaping. All of these are crimes under the South Carolina Code."). The plaintiff cannot have this Court prosecute criminal charges against the defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. "[T]he decision whether or not to prosecute, and what charge to file or bring . . . , generally rests entirely [within the prosecutor's] discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

November 10, 2016                                          s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).