IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tonya R. Chapman, | ) |
| | ) Civil Action No. 6:16-3308-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Sandra Day Hurley, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, proceeding pro se, filed this civil action alleging claims for defamation, libel, and perjury against Defendant Sarah Day Hurley. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process (ECF No. 14). Plaintiff was advised of her right to file objections to the Report (ECF No. 14 at 8). Plaintiff has filed objections. (ECF No. 20).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate fudge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

1

timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Report, the Magistrate Judge recommends this action be dismissed because the statements Plaintiff alleges were defamatory were privileged and Plaintiff cannot maintain a private cause of action for perjury. (Report at 6). In her objections, Plaintiff does not address these portions of the Report. Rather, she asserts that Fed.R.Civ.P. 60 (b) provides that a party may bring an independent action seeking relief from a judgment or order based on fraud on the court. (Objections at 1).

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1)-(6). Furthermore, pursuant to Rule 60(d) a court has the "power to . . . set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). However, not all fraud is considered to be fraud on the court. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Courts have held that fraud on the court "should be construed very narrowly," and "is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id.* "By contrast, perjury and fabricated evidence alone, being evils which can be exposed by the normal adversary process, do not constitute grounds for relief as 'fraud on the court.' " *Rainwater v. Mallas,* C/A No. 94-1122, 1994 WL 712570, at *2 (4th Cir. Dec. 23, 1994) (per curiam) (*citing Great Coastal Express,* 675 F.2d at 1357); *see also In re Genesys Data Techs., Inc.,* 204 F.3d 124, 130-31 (4th Cir. 2000).

Even assuming Plaintiff's allegations are true, Plaintiff's allegations do not satisfy the demanding standard for setting aside a judgment for fraud on the court.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court finds Plaintiff's objections are overruled. Based on the foregoing, the court adopts the Report (ECF No. 14) and incorporates it herein, and Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 2, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.